**Nancy SMITH et al., Plaintiffs,**

v.

**James R. SCHLESINGER et al., Defendants.**

**Civ. No. 73-2759-HP.**

United States District Court, C. D. California.

Jan. 11, 1974.

⊜⇒181

Peter A. Lewine, Demler, Perona, Langler, Bergkvist, Lauchengco & Lewine, Long Beach, Cal., for plaintiffs.

William D. Keller, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civil Div., Alan W. Peryam and Stephen E. Petersen, Asst. U. S. Attys., Los Angeles, Cal., for defendants.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER DISMISSING ACTION

PREGERSON, District Judge.

On 20 December 1973, under Rule 65 F.R.Civ.P., the court heard plaintiffs' application for a preliminary injunction filed 28 November 1973. Pursuant to oral stipulation of the parties and upon order of this court, the trial of the action on the merits was advanced and consolidated with the hearing on plaintiffs' application, as provided by Rule 65(a)(2) F.R.Civ.P.

Plaintiffs are represented by Attorney Peter A. Lewine of Demler, Perona, Langler, Bergkvist, Lauchengco & Lewine. Defendants are represented by William D. Keller, U. S. Attorney; Frederick M. Brosio, Jr., Assistant U. S. Attorney, Chief, Civil Division; and Assistant U. S. Attorneys Alan W. Peryam and Stephen E. Petersen.

Having read and studied the pleadings, briefs, affidavits, and exhibits filed herein, and having considered the arguments of counsel, the court now concludes that plaintiffs' suit is foreclosed by the doctrine of laches; accordingly,

the court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. The plaintiffs Smith and Hastings are residents of Long Beach, California, while plaintiff Peyton is a resident of San Diego, California. Plaintiffs brought the instant action on behalf of themselves and others similarly situated seeking to enjoin defendants from proceeding further with the naval project described below until an Environmental Impact Statement (EIS) is prepared and filed as required by the National Environmental Policy Act of 1969, 42 U.S.C. § 4321 et seq. (NEPA).

2. Defendants are the Secretary of Defense, the Secretary of the Navy, the Deputy Chief of Naval Operations for Manpower, the Deputy Chief of Naval Operations for Logistics, and the Deputy Chief of Naval Operations for Plans and Policies.

3. On 17 April 1973, the Secretary of Defense publicly announced that some 274 actions were planned by the Department of Defense involving various cutbacks, shut-downs, and transfers affecting the Armed Forces. Included in the announcement was a naval project called the Shore Establishment Realignment Project (hereinafter SER) which involved the Naval facilities at Long Beach and San Diego. According to the 17 April 1973 announcement, the SER project was scheduled for completion about 15 months later on 30 June 1974 —the end of the current fiscal year. Plaintiffs' counsel concedes that the SER project was widely publicized and that plaintiffs had notice of the contemplated action since it was first announced.

4. That part of the SER project about which plaintiffs complain involves the shut-down or disestablishment of certain activities conducted at the Long Beach Naval facility, the transfer of 43 ships and the naval personnel assigned thereto from Long Beach to other ports, primarily San Diego, and the planned increase in activities at the Long Beach Naval Shipyard resulting from the disestablishment of the Naval shipyard at Hunters Point, California. In addition, the SER project involves an increase in th number of ships, naval personnel and activities assigned to the Navy's facilities at San Diego. Plaintiffs contend that the SER project described herein constitutes "major federal action significantly affecting the quality of the human environment" and that Section 102(2) of NEPA, 42 U.S.C. § 4332(2), requires the Navy to prepare and file an Environmental Impact Statement.

5. The complaint was filed on 28 November 1973, some 7½ months after the project was under way. During those 7½ months the following activities, among others, have occurred with reference to the SER project:

(a) 15 ships home-ported in Long Beach have been transferred to other West Coast ports and Pearl Harbor.

(b) In addition, 24 ships have received orders to shift home-ports, and the affected personnel and units are preparing for those transfers.

(c) About 6,000 naval personnel, including about 1,700 service families have been moved from Long Beach to other naval installations.

(d) About 180 civilian employees have moved from this area to other naval facilities.

(e) About 3.8 million dollars has been spent by the Navy to implement the SER project.

(f) Approximately 35% to 40% of the SER project has been completed by the Navy.

6. Although no Environmental Impact Statement has been prepared by the Navy, the court finds that the Navy has made a good faith effort to comply with the policy of NEPA by preparing environmental impact assessments, as required by naval regulations adopted under the mandate of NEPA (Chief of Naval Operations Instruction (OPNAV) 6240.2b), for both the Long Beach and San Diego areas. These assessments

have been periodically updated. By means of those assessments, the Navy has considered certain critical factors involving the environment, such as housing, schooling, air, noise and water pollution, water supply, and waste disposal. In addition, the court notes that the Navy has plans underway to minimize the impact on the environment arising out of the implementation of the SER project.

7. The court notes that the SER project involves the national defense and that the project was mandated by Congress after extensive hearings. Furthermore, the project when completed will result in substantial tax dollar savings.

8. Moreover, the court should not and does not overlook the hardship that will be inflicted upon service personnel if existing transfer orders are rescinded by the granting of injunctive relief at this late date.

The following Conclusions of Law, insofar as they may be considered Findings of Fact, are so found by this court to be true in all respects.

## CONCLUSIONS OF LAW

1. The court has jurisdiction over this action and the parties thereto. 28 U.S.C. §§ 1331, 1361, 2201, 2202 and 5 U.S.C. §§ 701–706. *See* Harlem Valley Transportation Association v. Stafford, 360 F.Supp. 1057, 1059 n. 1 (S.D.N.Y. 1973); National Helium Corp. v. Morton, 361 F.Supp. 78 (D.Kan.1973).

2. Plaintiffs have standing to bring this action.

3. If the Navy, *arguendo* violated NEPA, that violation occurred prior to April 17, 1973, the date of the public announcement of the SER project. The filing of a lawsuit by plaintiffs some 7½ months later—at a time when the project was about 35% to 40% completed—constitutes, under the circumstances presented here, unreasonable delay. To grant the requested injunctive relief following such unreasonable delay would, under the facts of this case, severely prejudice the Navy, its personnel, and most importantly, the national defense. That prejudice is not outweighed by any public considerations to the contrary. In fact, as stated above, the Navy in preparing and updating its Environmental Impact Assessments has given serious consideration to the pertinent environmental factors delineated in NEPA, although not to the same extent as would be required by a full-fledged environmental impact statement.

4. The court having found unreasonable delay on the part of the plaintiffs, prejudice to the Navy if the application for injunctive relief is granted, and no countervailing public considerations, therefore concludes that the doctrine of laches bars the relief sought by the plaintiffs. Lathan v. Volpe, 455 F.2d 1111 (9th Cir. 1971); Clark v. Volpe, 342 F.Supp. 1324 (E.D.La.1972) aff'd, 461 F.2d 1266 (5th Cir. 1972); Centerview/Glen Avalon Homeowners Association v. Brinegar, 367 F.Supp. 633 (C.D.Cal.1973).

5. Accordingly, the complaint and the action are hereby dismissed. Each side to bear its own costs.